

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLEY GRAY                                      CIVIL ACTION

VERSUS                                          NO. 00-363

YAUN ALEXIS ET AL.                              SECTION "E" (2)

## REPORT AND RECOMMENDATION

Coley Gray, an inmate in the Orleans Parish Prison system ("OPP"), has filed two

separate pleadings seeking a restraining order and injunctive relief. Record Doc. Nos. 4

and 5. Plaintiff requests that "Warden Joe Howard and defendant[]s be restrained from

accepting any handicapped prisoners in his facility until . . . handicapped inmates be

allowed [to] participate in programs and not be discriminated against and that he give an

area designated for smoking." Plaintiff specifically requests "[t]hat an injunction be issued

. . . whereby [defendant] would have to give qualified handicapped inmates a (sic)

opportunity to participate in all programs, such as: Yanks, Broad Street, kitchen work,

laundry, or clerical assistance." Plaintiff's motion further seeks to have the Court order

DATE OF ENTRY

MAR 2 3 2000    DATE OF MAILING



MAR 23 2000

Warden Joe Howard "to place parapalegic (sic), handicapped with a designated smoking area, or place them somewhere where we can smoke cigarettes."

According to Rule 65(b) of the Federal Rules of Civil Procedure, a party seeking a temporary restraining order and/or preliminary injunction must set forth "specific facts shown by affidavit or verified complaint" that show that the moving party will suffer irreparable injury before a hearing on the matter may be held. A temporary restraining order and preliminary injunction are extraordinary equitable remedies that may be granted only if plaintiff establishes four essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause defendants; and (4) that the injunction will not disserve the public interest. <u>Sugar Busters LLC v. Brennan</u>, 177 F.3d 258, 264 (5th Cir. 1999). The requisite showing is "a <u>substantial</u> threat of <u>irreparable</u> injury if the injunction is not issued." <u>DSC Communications Corp. v. OGI Technologies, Inc.</u>, 81 F.3d 597, 600 (5th Cir. 1996) (emphasis added).

Gray's written submissions to date establish that he is <u>not</u> entitled to a temporary restraining order or preliminary injunction at this time, applying the foregoing legal standards to the facts he alleges. Although plaintiff requests that defendants "be restrained from retaliating" against him and subjecting him to threats, harassment or disciplinary

charges "for my exercising my right to legal rebress (sic)," plaintiff has not established that any injury he may suffer in the future would be irreparable. In fact, his written submissions make no such allegation. Any cognizable injury plaintiff may have previously suffered as a result of the alleged discrimination, or may suffer in the future, may be remedied through the ordinary judicial process without need for a preliminary injunction or temporary restraining order.

It also cannot be concluded that Gray's complaint presents "a substantial likelihood of success on the merits." DSC Communications Corp., 81 F.3d at 600. The initial screening process required for such cases, 28 U.S.C. § 1915A; Martin v. Scott, 156 F.3d 578 (5th Cir. 1998), is under way and has not yet been completed. A hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), is scheduled. Plaintiff has not shown at this early stage of the proceedings that there is a substantial likelihood of success on the merits.

I also find that granting the injunction plaintiff seeks would cause more harm than might result from denying the injunction and that the public interest would be disserved by granting the injunction. The injunction plaintiff seeks is a Court order requiring prison officials to allow certain inmates to participate in programs at the prison. Classification of inmates is a discretionary administrative function of prison officials, and courts must accord great deference to prison officials' administrative decisions and will not interfere

with prison administration without a clear constitutional violation.  <u>Bell v. Wolfish</u>, 441

U.S. 520, 547-48 (1979); <u>Whitley v. Hunt</u>, 158 F.3d 882, 889 (5th Cir. 1998).  The

deference courts must give to prison officials' administrative decisions, such as whether

handicapped inmates should be allowed to participate in certain prison programs, is a

public interest that would be disserved by granting the injunction plaintiff seeks, based on

plaintiff's submissions to date and prior to completion of the required screening process.

## RECOMMENDATION

For all of the foregoing reasons, it is therefore **RECOMMENDED** that plaintiff's

motion for temporary restraining order and/or preliminary injunction be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions and

recommendations in a magistrate judge's report and recommendation within ten (10) days

after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>,

79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __22__ day of March, 2000.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE